**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Aimee O'Neil,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Charlene O'Neil,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-01109-GMN-BNW<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

　　　Presently before the court is pro se Plaintiff Aimee O'Neil's application to proceed *in forma pauperis* and her complaint filed on April 7, 2020. ECF Nos. 1, 1-1. In addition, on July 13, 2020, Plaintiff filed a Motion for Default Judgement. ECF No. 4.

　　　Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. The Court will next screen the complaint. ECF No. 1-1.

**I.　SCREENING OF COMPLAINT**

　　**A.　BACKGROUND**

　　　Plaintiff Aimee O'Neil explains that her mother, Charlene O'Neil, tried to have her killed by Paul Jones in a motor vehicle accident in 1994. Plaintiff explains that her mother and Paul

1  Jones are currently "on the run" in Virginia to avoid prosecution. Plaintiff further explains she is a
2  confidential informant who previously testified against her mother regarding that motor vehicle
3  accident and that, as a result, her mother is now retaliating against her. Specifically, Plaintiff
4  alleges that on June 13, 2020, her mother sent "one of these people" to Plaintiff's home, in
5  violation of a restraining order. Plaintiff alleges this is one of the many ways in which her mother
6  is having her stalked and harassed by people across the nation with the end goal of interfering
7  with Plaintiff's relationship with Mike Morrison. In addition, Plaintiff alleges her mother is
8  getting "untitled benefits" for doing this. These actions, together with the state of New York
9  "defaulting" on a wrongful adoption case, constitute RICO violations.

### B. ANALYSIS

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Even liberally construing Plaintiff's complaint, the court finds that her factual allegations describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted. Given that Plaintiff's complaint does not set forth a plausible claim, it is recommended that this complaint be dismissed with prejudice because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district court is not required to provide

leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts). Importantly, the court has previously screened a very similar complaint by this Plaintiff and recommended dismissal on the same grounds. *See* 2:20-cv-652-JAD-BNW, ECF No. 22. Critically, this complaint incorporates a very similar narrative to the one in 2:20-cv-652-JAD-BNW.[1]

## II.     MOTION FOR DEFAULT JUDGMENT

Plaintiff also filed a Motion for Default Judgment (ECF No. 4). Given that the court is recommending that the complaint be dismissed with prejudice, the court also recommends that motion be denied as moot.

## III.    CONCLUSION

**IT IS ORDERED** Plaintiff's request to proceed *in forma pauperis* (ECF No. 1) is granted.

**IT IS RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motions for Default Judgment (ECF No. 4) be denied as moot.

## IV.    NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

---

[1] In that complaint Plaintiff recounts the many ways she believes her mother, defendant Charlene O'Neil, has interfered with her ability to earn a living, her rights to privacy, as well as many other rights under the constitution. For example, Plaintiff claims her mother plotted to have her killed resulting in her needing to quit her job, had her phone tapped, and had Plaintiff's co-workers follow her, harass her, stalk her, and intimidate her. 20-cv-652; ECF No. 1-1 at 9. Given the number of threats, Plaintiff explains the Colorado Department of Parole deemed this conduct to be an immediate threat "and made [her] quit [her] job and pack all of her possessions and had a[n] emergency parole meeting to discuss a safety plan." *Id*. at 15. In that complaint, Plaintiff explains her mother also interfered with her relationship with Mark Morrison, even though the Department of Parole "made it clear that they approved of the relationship" and that her mother "needed to stop interfering in her daughter's personal life." *Id*.

1  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 14, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE